UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RONNIE HONGO (#98420)**                                    **CIVIL ACTION NO.**

**VERSUS**                                                             **19-793-JWD-SDJ**

**JERRY GOODWIN, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 3, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RONNIE HONGO (#98420)                 CIVIL ACTION NO.

VERSUS                 19-793-JWD-SDJ

JERRY GOODWIN, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Complaint, as amended. For the following reasons, the undersigned recommends Plaintiff's claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and that his Motion for Leave to File an Amended Complaint be denied.

The *pro se* Plaintiff, Ronnie Hongo ("Plaintiff"), inmate confined at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, instituted this action against numerous Defendants who appear to be employed at Elayn Hunt.[1] Plaintiff alleges that Defendants are using stolen military computers to "hack" into Plaintiff's brain and nervous system and that these computers have caused Plaintiff to have strokes and are trying to murder him.[2]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[3] Both statutes are intended

---

[1] R. Docs. 1, 5, & 8.
[2] *See* R. Docs. 1, 5, & 8.
[3] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on February 13, 2020. (R. Doc. 7).

to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[4] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[6] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[7] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[8]

Plaintiff's allegations that Defendants are using computers to manipulate Plaintiff's thoughts and senses[9] are fanciful, fantastic, and delusional, rendering them clearly frivolous.[10] Further, Plaintiff's Complaint does not contain any non-frivolous allegations. Accordingly, it is recommended that Plaintiff's claims be dismissed with prejudice as frivolous.

---

[4] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[6] *Denton,* 504 U.S. at 32.
[7] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[8] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[9] R. Doc. 5, p. 7.
[10] *See Delgadillo v. Texas Violent Gang Task Force*, 134 F.Appx. 741 (5th 2005) (wherein the Fifth Circuit affirmed a dismissal as frivolous of a complaint that alleged the plaintiff was being harmed by "electro convulsive treatments, laser rays, and other forms of radiation through computer monitoring.").

Plaintiff has also filed a Motion for Leave to File an Amended Complaint, which should be denied as futile.[11]  An amendment would be futile if "the amended complaint would fail to state a claim upon which relief could be granted."[12]  The allegations in Plaintiff's proposed amended complaint include further allegations of "computers being connected to my fore brain, mid brain, hind brain and central nervous system."  These allegations are fanciful just as the allegations in Plaintiff's original complaint, as amended.  Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint[13] should be denied as futile.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File an Amended Complaint[14] be **DENIED,** Plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A,[15] and this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on August 3, 2020.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 11.
[12] *Stripling v. Jordan Production Co.,* 234 F.3d 863, 872-873 (5th Cir. 2000).
[13] R. Doc. 11.
[14] R. Doc. 11.
[15] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Should this report and recommendation be adopted, this will count as a strike.